UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

ROBERT M. SIMON,

    Plaintiff,

v.

NATIONAL CREDIT SYSTEMS, INC.,

    Defendant.
_____/

CASE NO.: 9:20-cv-81774

**JURY TRIAL DEMANDED**

## COMPLAINT

NOW comes ROBERT M. SIMON ("Plaintiff"), by and through the undersigned, complaining as to the conduct of NATIONAL CREDIT SYSTEMS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Florida.

### PARTIES

1

4. Plaintiff is a consumer over-the-age of 18 residing within the Southern District of Florida.

5. Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39).

6. Defendant is a third party debt collector specializing in the collection of past due apartment related debts. Defendant is a corporation organized under the laws of the State of Georgia with its principal place of business located at 3750 Naturally Fresh Boulevard, Atlanta, Georgia.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendant's attempts to collect upon a purported past due obligation ("subject debt") Plaintiff is said to owe to The District on Universal Apartments ("The District").

10. The subject debt arises from purportedly past due payments Plaintiff is said to owe in connection with his lease of an apartment.

11. Upon information and belief, after Plaintiff's purported default on the subject debt, the subject debt was turned over to Defendant for collection purposes.

12. On or about June 23, 2020, Defendant mailed or caused to be mailed a collection letter ("June 23rd Letter") to Plaintiff in an attempt to collect upon the subject debt..

13. The June 23rd Letter was the first written communication Plaintiff received in connection with the subject debt.

14. Defendant's letter first advises that "[i]t is imperative that you give this matter your prompt attention."

15. Defendant goes on to advise that it "has been authorized to recover this debt by way of credit bureau reporting (following this initial 30 day validation period) . . . ."

16. As such, given the immediacy with which Defendant's June 23rd Letter directed Plaintiff to act, Plaintiff was led to believe that, in the event he did not address the subject debt with Defendant promptly, the subject debt would reported to the credit bureaus after 30 days from Plaintiff's receipt of the June 23rd Letter.

17. Plaintiff, wanting to address the subject debt but being financially able to do so, became distressed, anxious, and concerned that the subject debt was going to reported to his credit after the 30-day period referenced in Defendant's June 23rd Letter.

18. Thereafter, on or about July 28, 2020, Defendant sent an additional collection letter ("July 28th Letter") attempting to collect upon the subject debt.

19. Defendant's July 28th Letter advised that the previously threatened reporting had not occurred, but that such reporting would occur "soon" unless suitable arrangements were made with Defendant.

20. Defendant's July 28th Letter underscores that the threat of credit reporting made in the June 23rd Letter was demonstrably false.

21. Upon information and belief, Defendant structured its June 23rd Letter in the manner it did in an intentionally deceptive attempt to compel Plaintiff to address the subject debt with Defendant promptly, lest he be subjected to the negative impacts of credit reporting – all premised upon blatantly false and deceptive representations regarding the timeline of Defendant's reporting.

22. Defendant's false representations and threats caused Plaintiff concrete harm, including but not limited to expending time and energy addressing Defendant's deceptive conduct, emotional

distress stemming from Defendant's false threat of credit reporting, and violations of his state and federally protected interests to be free from deceptive and misleading collections communications.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of 15 U.S.C § 1692e**

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

30. Defendant violated 15 U.S.C. §§ 1692e, e(5), and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant falsely represented, in its June 23rd Letter, that it would report the subject debt on Plaintiff's credit following the thirty day period.

4

However, Defendant's July 28th Letter demonstrates the falsity of such representation. Instead, Defendant made its threat of credit reporting in the June 23rd Letter hoping such additional, and false, pressure would compel Plaintiff to address the subject debt promptly. Defendant's conduct in this regard risked Plaintiff, and similarly risks unsophisticated consumers, from responding to Defendant's false threats and representations by making payment, all premised upon a demonstrably false pretense.

### b. Violations of FDCPA § 1692f

31. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

32. Defendant violated §1692f when it unfairly and unconscionably represented that it would contact all of the credit bureaus to report the subject debt, but failed to follow through with its deceptive threat. Defendant's unfair statement was designed to place undue pressure on Plaintiff to coerce him into addressing the subject debt.

WHEREFORE, Plaintiff, ROBERT M. SIMON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 30, 2020                                       Respectfully submitted,

                                                                s/Alejandro E. Figueroa
                                                                Alejandro E. Figueroa, Esq.
                                                                Florida Bar No. 1021163
                                                                *Counsel for Plaintiff*
                                                                Sulaiman Law Group, Ltd
                                                                2500 S Highland Ave, Suite 200
                                                                Lombard, IL 60148
                                                                Telephone: (630) 575-8181
                                                                alejandrof@sulaimanlaw.com